GIBBONS, Circuit Judge,
concurring in the judgment.
The dispositive issue in this case is whether Mace made an enforceable promise to the Kellys. The bankruptcy court did not discuss the issue, but found that Mace promised “to obtain the Kellys’ release from their obligations under the 2002 loan.” The BAP held that the promise was unenforceable as a matter of law because it promised the performance of a third party — i.e., a bank would be required to release the Kellys from their obligation. To avoid this problem, the majority commits two errors. First, it engages in its own factfinding, concluding that Mace’s promise must have encompassed a promise of indemnity. But this court is not free to substitute its view of the evidence for that of the bankruptcy court, In re Mitan, 573 F.3d 237, 241 (6th Cir.2009), and there should be no dispute that this is not what the bankruptcy court found. Second, the majority conflates the concepts of indemnity and release. Indemnity is a mechanism to obtain reimbursement on an outstanding liability; release extinguishes that liability in the first instance. I concur in the judgment, however, because the Kellys have satisfied the elements of promissory estoppel and the contract is enforceable on that basis. See, e.g., Thatcher’s Drug Store of W. Goshen, Inc. v. Consol. Supermarkets, Inc., 535 Pa. 469, 636 A.2d 156, 160 (1994).